# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

BRANDI NEAL-DAVIS,

    Plaintiff,

v.

RESOURCE RECOVERY SYSTEMS, LLC,

    Defendant.

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

CASE NO.

HON.
MAG.

_____

THE RIDDELL LAW FIRM PLLC
By: Sean Riddell (P81302)
By: Amyra Woods (P84515)
*Attorneys for Plaintiff*
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
Phone: (313) 497-0074
sriddell@riddelllawfirm.com
awoods@riddelllawfirm.com

_____

    There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

1

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Brandi Neal-Davis, through her attorneys Sean Riddell and Amyra Woods of The Riddell Law Firm PLLC, for her Complaint against Defendant Resource Recovery Systems, LLC, states:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Brandi Neal-Davis ("Plaintiff") was, at all relevant times, a resident and citizen of the State of Michigan and resident of Livonia in Wayne County.

2. Defendant Resource Recovery Systems, LLC ("Defendant") is a Delaware limited liability company doing business in Wayne County, Michigan.

3. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2202 *et seq.*

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 23 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims).

5. This court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they arise out of the same case and controversy.

6. This Court also has jurisdiction over all claims pled herein pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs, interest, and attorneys' fees.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Wayne County, Michigan, which is located within this judicial district.

## STATEMENT OF FACTS

8. Plaintiff is a black woman who identifies as lesbian.

9. Plaintiff has a bachelor's degree in business management and has experience in production and sales supervision.

10. Defendant conducted an extensive background check that looked back ten years before hiring Plaintiff.

11. Defendant also required Plaintiff to interview in four phases.

12. After passing the rigorous background check and successfully completing the interview process, Defendant acknowledged Plaintiff's qualifications and hired her.

13. Plaintiff began her employment with Defendant on or about March 3, 2020 as an Operations Supervisor.

14. Plaintiff's starting salary was approximately $77,500.00 per year with a full benefits package, including but not limited to a retirement account, medical insurance, dental insurance, and vision insurance.

15. Plaintiff performed her job diligently and with a high degree of competence.

16. Even so, Plaintiff faced prejudice in the workplace from her supervisors.

17. After being hired by Defendant, Plaintiff requested male uniform sizes.

18. Plaintiff's request resulted in ridiculing language from Defendant's supervisors.

19. Supervisor Ron Grinold told Plaintiff that he "did not want her kind there."

20. Supervisor Kevin Kadau told Plaintiff that it "was clear she was a lebso."

21. Mr. Kadau also told Plaintiff that Operations Manager Metrel Demps, who is black, "had stolen his job" and that Mr. Grinold had promised the Operations Manager position to Mr. Kadau.

22. Mr. Kadau elaborated by saying that Ms. Demps was not qualified for the position and that she had received the position due to "affirmative action."

4

23. On another occasion, Mr. Kadau said that Mr. Grinold did not want Plaintiff to be hired for the position because Mr. Grinold wanted a man in the position, but then Mr. Kadau joked that Mr. Grinold got a man for the position when Defendant hired Plaintiff.

24. Mr. Kadau then said that he felt that Plaintiff and Ms. Demps were "throwing [their] weight around." Mr. Kadau stated, "First, it was Metrel, and now here you come shaking up my facility."

25. When Plaintiff pointed out Mr. Kadau's prejudiced conduct to her supervisor Metrel Demps, Ms. Demps responded that Mr. Kadau was "racist" and that "it's going to come out," that it was "only a matter of time," and that "the pot [was] going to explode."

26. At one point, Mr. Grinold worked out of Plaintiff's facility when Ms. Demps was quarantining.

27. Mr. Grinold asked Plaintiff why Plaintiff wanted male uniforms, asked whether Plaintiff was friends with Ms. Demps before working for Defendant, and commented that Plaintiff "should show gratitude for the progressive thinking in the workplace as your kind would not normally be hired unless changes in the workplace had not been made."

28. Plaintiff understood that she was being discriminated against because of her sex and/or her race.

29. Plaintiff reported her concerns about discrimination to Ms. Demps.

30. Plaintiff was told by Ms. Demps that other members of management wanted Plaintiff "out of there."

31. A few days before Defendant terminated Plaintiff, Plaintiff held a pre-shift safety meeting for the temporary employees on her shift.

32. During the meeting, the temporary employees asked Plaintiff about becoming direct employees for Defendant.

33. Since many of the temporary employees had criminal convictions that prevented their direct employment by Defendant, Plaintiff said she would put materials regarding expungement on the break room table so that the temporary employees could review them during their break if they wanted to.

34. Mr. Grinold was present at this meeting and did not object to Plaintiff putting expungement materials in the break room.

35. Mr. Grinold also privately spoke with Plaintiff multiple times before Plaintiff put the expungement materials in the break room and never objected to Plaintiff doing so.

36. Approximately forty minutes after the pre-shift meeting, Plaintiff put the expungement materials on the break room table.

37. After this, Mr. Grinold met with Plaintiff.

38. At this meeting, Mr. Grinold threw the expungement materials on the table, asked if Plaintiff had talked with the legal department about it, and said that putting the expungement materials in the break room is "basically soliciting."

39. Defendant terminated Plaintiff on or about June 2, 2020.

40. Defendant claimed it terminated Plaintiff's employment because she violated the provision of the employee handbook that prohibits solicitation.

41. The relevant portion of the employee handbook regarding solicitation states:

> Employees are not allowed to solicit other employees, customers, contractors or vendors during work time. Employees are not allowed to distribute materials during their work time or at any time in work areas.
>
> Work time for any employee means any time when that employee is supposed to be performing his or her job. In other words, it does not include meal or break periods. Work areas are all places on Company's property where work is to be performed. Break rooms or areas, restrooms, and parking lots are not included.

42. According to Defendant's employee handbook, break rooms are expressly excluded from the definition of a "work area" and therefore are not subject to the restrictions on distributing materials.

43. Plaintiff did not stand to profit or otherwise gain from the distribution of the expungement materials.

7

44. The expungement materials Plaintiff left in the break room were not disruptive or offensive.

45. Importantly, Plaintiff never received any recorded disciplinary action during her employment with Defendant prior to leaving the expungement materials in the break room.

46. Therefore, Defendant's given reason for terminating Plaintiff is pretextual.

47. Instead, Defendant terminated Plaintiff because of her sex or race.

48. As a direct and proximate result of Defendant's acts, Plaintiff has suffered emotional distress, mental anguish, loss of reputation, humiliation, embarrassment, and the associated physical effects, and will continue to suffer accordingly in the future.

49. As a further direct and proximate result of Defendant's acts, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and an impairment to her earning capacity and ability to work, and will continue to suffer accordingly in the future.

## COUNT 1
## Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e *et seq.*

50. All preceding paragraphs are incorporated by reference.

8

51. At all relevant times, Defendant was an employer with more than fifteen employees and Plaintiff was an employee covered by and within the meaning of Title VII, 42 U.S.C. § 2000e *et seq*.

52. Plaintiff identifies as lesbian, and as such is a member of a protected group under Title VII on the basis of her sex.

53. Defendant discriminated against Plaintiff because of her sex in the terms and conditions of her employment in violation 4.2. U.S.C. § 2000e-2(a)(1).

54. Defendant subjected Plaintiff to adverse employment actions because of her sex, including but not limited to terminating Plaintiff's employment.

55. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her sex in violation of 42 § U.S.C. 2000e-2(m).

56. Defendant's actions were undertaken with reckless disregard for Plaintiff's civil rights, entitling Plaintiff to punitive damages.

57. As a direct and proximate result of Defendant's acts, Plaintiff has suffered emotional distress, mental anguish, loss of reputation, humiliation, embarrassment, and the associated physical effects, and will continue to suffer accordingly in the future.

58. As a further direct and proximate result of Defendant's acts, Plaintiff has been placed in financial distress and has suffered a loss of earnings and

benefits and an impairment to her earning capacity and ability to work, and will continue to suffer accordingly in the future.

59. Therefore, pursuant to 42 U.S.C. § 1981a, this Court should enter judgment in favor of Plaintiff, award Plaintiff all lost wages, past and future, to which she is entitled, award compensatory and punitive damages to Plaintiff, and award Plaintiff reasonable attorney fees and costs.

## COUNT 2
## Sex Discrimination in Violation of the Elliott-Larsen Civil Rights Act M.C.L. § 37.2101 *et seq.*

60. All preceding paragraphs are incorporated by reference.

61. At all relevant times, Defendant was an employer with one or more employees and Plaintiff was an employee covered by and within the meaning of ELCRA, M.C.L § 37.2101 *et seq*.

62. Plaintiff identifies as lesbian, and as such is a member of a protected group under ELCRA because of her sex.

63. Defendant discriminated against Plaintiff because of her sex in the terms and conditions of her employment in violation M.C.L. § 37.2202(1)(a).

64. Defendant subjected Plaintiff to adverse employment actions because of her sex, including but not limited to terminating Plaintiff's employment.

65. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her sex in violation of M.C.L. § 37.2202(1)(a).

10

66. Defendant's actions were undertaken with malice or with reckless indifference to Plaintiff's federally protected civil rights, entitling Plaintiff to exemplary damages.

67. As a direct and proximate result of Defendant's acts, Plaintiff has suffered emotional distress, mental anguish, loss of reputation, humiliation, embarrassment, and the associated physical effects, and will continue to suffer accordingly in the future.

68. As a further direct and proximate result of Defendant's acts, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and an impairment to her earning capacity and ability to work, and will continue to suffer accordingly in the future.

69. Therefore, pursuant to M.C.L. §§ 37.2801-37.2802, this Court should enter judgment in favor of Plaintiff; award Plaintiff all lost wages, past and future, to which she is entitled; award compensatory and exemplary damages to Plaintiff; and award Plaintiff reasonable attorney fees, witness fees, and costs.

## COUNT 3
## Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e *et seq.*

70. All preceding paragraphs are incorporated by reference.

71. At all relevant times, Defendant was an employer with more than fifteen employees and Plaintiff was an employee covered by and within the meaning of Title VII, 42 U.S.C. § 2000e *et seq*.

72. Plaintiff is black, and as such is a member of a protected group under Title VII on the basis of her race.

73. Defendant discriminated against Plaintiff because of her race in the terms and conditions of her employment in violation 4.2. U.S.C. § 2000e-2(a)(1).

74. Defendant subjected Plaintiff to adverse employment actions because of her race, including but not limited to terminating Plaintiff's employment.

75. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her race in violation of 42 § U.S.C. 2000e-2(m).

76. Defendant's actions were undertaken with reckless disregard for Plaintiff's civil rights, entitling Plaintiff to punitive damages.

77. As a direct and proximate result of Defendant's acts, Plaintiff has suffered emotional distress, mental anguish, loss of reputation, humiliation, embarrassment, and the associated physical effects, and will continue to suffer accordingly in the future.

78. As a further direct and proximate result of Defendant's acts, Plaintiff has been placed in financial distress and has suffered a loss of earnings and

benefits and an impairment to her earning capacity and ability to work, and will continue to suffer accordingly in the future.

79. Therefore, pursuant to 42 U.S.C. § 1981a, this Court should enter judgment in favor of Plaintiff, award Plaintiff all lost wages, past and future, to which she is entitled, award compensatory and punitive damages to Plaintiff, and award Plaintiff reasonable attorney fees and costs.

### COUNT 4
### Race Discrimination in Violation of the Elliott-Larsen Civil Rights Act M.C.L. § 37.2101 *et seq.*

80. All preceding paragraphs are incorporated by reference.

81. At all relevant times, Defendant was an employer with one or more employees and Plaintiff was an employee covered by and within the meaning of ELCRA, M.C.L § 37.2101 *et seq*.

82. Plaintiff is black, and as such is a member of a protected group under ELCRA because of her race.

83. Defendant discriminated against Plaintiff because of her race in the terms and conditions of her employment in violation M.C.L. § 37.2202(1)(a).

84. Defendant subjected Plaintiff to adverse employment actions because of her race, including but not limited to terminating Plaintiff's employment.

85. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of her race in violation of M.C.L. § 37.2202(1)(a).

86. Defendant's actions were undertaken with malice or with reckless indifference to Plaintiff's federally protected civil rights, entitling Plaintiff to exemplary damages.

87. As a direct and proximate result of Defendant's acts, Plaintiff has suffered emotional distress, mental anguish, loss of reputation, humiliation, embarrassment, and the associated physical effects, and will continue to suffer accordingly in the future.

88. As a further direct and proximate result of Defendant's acts, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and an impairment to her earning capacity and ability to work, and will continue to suffer accordingly in the future.

89. Therefore, pursuant to M.C.L. §§ 37.2801-37.2802, this Court should enter judgment in favor of Plaintiff; award Plaintiff all lost wages, past and future, to which she is entitled; award compensatory and exemplary damages to Plaintiff; and award Plaintiff reasonable attorney fees, witness fees, and costs.

## PRAYER FOR RELIEF

For these reasons, Plaintiff Brandi Neal-Davis respectfully requests that this Court:

A. Award Plaintiff all past and future lost wages and compensatory damages in an amount exceeding $75,000.00;

B.     Award Plaintiff punitive and exemplary damages;

C.     Award Plaintiff reasonable attorney fees, witness fees, and costs;

D.     Award pre- and post-judgment interest as permitted by law; and

E.     Grant any other relief this Court finds equitable and just.

Respectfully submitted,

The Riddell Law Firm PLLC

By:    */s/ Sean Riddell*
        Sean Riddell (P81302)
        Amyra Woods (P84515)
        The Riddell Law Firm PLLC
        *Attorney for Plaintiff*
        400 Renaissance Center
        Suite 2600
        Detroit, Michigan 48243
        Phone: (313) 497-0074
        sriddell@riddelllawfirm.com
        awoods@riddelllawfirm.com

Date: 11-03-2021

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

BRANDI NEAL-DAVIS,

    Plaintiff,                                     **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

v.

RESOURCE RECOVERY SYSTEMS, LLC,

    Defendant.                               CASE NO.

                                            HON.
                                            MAG.

_____

THE RIDDELL LAW FIRM PLLC
By: Sean Riddell (P81302)
By: Amyra Woods (P84515)
*Attorneys for Plaintiff*
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
Phone: (313) 497-0074
sriddell@riddelllawfirm.com
awoods@riddelllawfirm.com

_____

## **JURY DEMAND**

Plaintiff Brandi Neal-Davis, through her attorneys Sean Riddell and Amyra Woods of The Riddell Law Firm PLLC, demands a jury trial in this action.

        Respectfully submitted,

        The Riddell Law Firm PLLC

By: */s/ Sean Riddell*
    Sean Riddell (P81302)
    Amyra Woods (P84515)
    The Riddell Law Firm PLLC
    *Attorneys for Plaintiff*
    400 Renaissance Center
    Suite 2600
    Detroit, Michigan 48243
    Phone: (313) 497-0074
    sriddell@riddelllawfirm.com
    awoods@riddelllawfirm.com

Date: 11-03-2021